1  MIYOKO SAKASHITA (Cal. Bar No. 239639)
   CATHERINE W. KILDUFF (Cal. Bar No. 256331)
2  Center for Biological Diversity
3  351 California St., Suite 600
   San Francisco, CA 94104
4  Tel: (415) 436-9682
   Fax: (415) 436-9683
5  miyoko@biologicaldiversity.org

6  *Attorneys for Plaintiff*

7
8  IGNACIA S. MORENO, Assistant Attorney General
   SETH M. BARSKY, Section Chief
9  KRISTEN L. GUSTAFSON, Assistant Section Chief
   J. BRETT GROSKO, Trial Attorney
10 United States Department of Justice
   Environment & Natural Resources Division
11 Wildlife & Marine Resources Section
   Ben Franklin Station, P.O. Box 7369
12 Washington, D.C. 20044-7369
   Tel. (202) 305-0342/ Fax (202) 305-0275
13 brett.grosko@usdoj.gov

14
15 *Attorneys for Defendant*

16            **UNITED STATES DISTRICT COURT**

17        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

18

19 CENTER FOR BIOLOGICAL DIVERSITY,      )
                                         )
20          *Plaintiff*,                 )
                                         )        Case No. C11-04779-EDL
21 v.                                    )
                                         )        **STIPULATED SETTLEMENT**
22 NATIONAL MARINE FISHERIES SERVICE,    )        **AGREEMENT AND**
                                         )        ~~**[PROPOSED]**~~ **ORDER**
23          *Defendant*.                 )
                                         )
24 _____  )

25
26        Plaintiff, Center for Biological Diversity ("Plaintiff" or "CBD"), and Defendant, National

27 Marine Fisheries Service ("Defendant" or "NMFS") (collectively, the "Parties"), have agreed to

28

STIPULATED SETTLEMENT AGREEMENT                                          -1-

settle the above-captioned case in its entirety on the terms memorialized in this Stipulated Settlement Agreement ("Stipulation"):

WHEREAS, on October 20, 2009, the Plaintiff submitted to NMFS a petition seeking to list eighty-three (83) coral species as threatened or endangered under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq*.;

WHEREAS, on February 10, 2010, NMFS published a 90-day finding in the *Federal Register* that the petition presented substantial scientific or commercial information indicating that listing may be warranted for 82 of the 83 petitioned coral species, 75 Fed. Reg. 6,616 (Feb. 10, 2010) ("Positive 90-Day Finding");

WHEREAS, on September 27, 2011, Plaintiff filed a Complaint for declaratory and injunctive relief, pursuant to the ESA, 16 U.S.C. § 1531 *et seq*., challenging NMFS's failure to make a 12-Month Finding as required by 16 U.S.C. § 1533(b)(3)(B) as to the 82 coral species for which NMFS has made a Positive 90-Day Finding;

WHEREAS, Plaintiff and Defendant, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claim, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint;

WHEREAS the Parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve this dispute;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1.     On or before April 15, 2012, NMFS shall submit to the *Federal Register* for

STIPULATED SETTLEMENT AGREEMENT                                        -2-

1   publication a 12-Month Finding as to the 82 coral species for which NMFS has made its Positive

2   90-Day Finding.

3        2.     Either party may seek to modify the deadline for the action specified in Paragraph

4   1, for good cause shown, consistent with the Federal Rules of Civil Procedure.  In that event, or

5   in the event that either party believes that the other party has failed to comply with any term or

6   condition of this Stipulation, the Parties shall use the dispute resolution procedures specified in

7   Paragraph 3 below.

8        3.     The Order entering this Stipulation may be modified by the Court upon good

9   cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation

10  between the Parties filed with and approved by the Court, or upon written motion filed by one of

11  the Parties and granted by the Court.  In the event that either party seeks to modify the terms of

12  this Stipulation, including the deadline specified in Paragraph 1, or in the event of a dispute

13  arising out of or relating to this Stipulation, or in the event that either party believes that the other

14  party has failed to comply with any term or condition of this Stipulation, the party seeking the

15  modification, raising the dispute, or seeking enforcement shall provide the other party with

16  notice of the claim.  The Parties agree that they will meet and confer (either telephonically or in-

17  person) at the earliest possible time in a good faith effort to resolve the claim before seeking

18  relief from the Court.  If the Parties are unable to resolve the claim themselves, either party may

19  seek relief from the Court.   In the event that NMFS fails to meet the deadline identified in

20  paragraph 1, Plaintiff's first remedy shall be a motion to enforce the terms of this Stipulated

21  Settlement.  This Stipulated Settlement shall not, in the first instance, be enforceable through a

22  proceeding for contempt of court.

STIPULATED SETTLEMENT AGREEMENT                                              -3-

4.     No party shall use this Stipulated Settlement or the terms herein as evidence of what does or does not constitute a reasonable time line for making a determination under 16 U.S.C. § 1533 in any other proceeding regarding NMFS's implementation of the ESA.

5.     Subject to the qualifications in paragraph 6, no provision of this Stipulated Settlement shall be interpreted as, or constitute, a commitment or requirement that the Defendant take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural.  Nothing in this Stipulated Settlement shall be construed to limit or modify the discretion accorded to NMFS by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

6.     Nothing in this Stipulated Settlement shall be interpreted as, or shall constitute, a requirement that the Defendant is obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

7.     Defendant agrees that Plaintiff is the "prevailing party" in this action, and agrees to pay Plaintiff's reasonable attorneys' fees and costs pursuant to section 11(g) of the ESA, 16 U.S.C. § 1540 (g).  Defendant agrees to pay $4,414.00 to settle Plaintiff's claim for fees and costs.  A check shall be made payable in this amount to Center for Biological Diversity, c/o Miyoko Sashita, 351 California St., Suite 600, San Francisco, California 94104.

8.     Plaintiff agrees to furnish Defendant with the information necessary to effectuate payment pursuant to paragraph 7 and to hold the United States harmless for any loss caused by following this authorization and direction, if any loss should occur.  Defendant agrees to submit all necessary paperwork to the Department of Treasury's Judgment Fund Office pursuant to 16

STIPULATED SETTLEMENT AGREEMENT                                              -4-

U.S.C. § 1540(g)(4) within ten (10) business days of receipt of the signed court order approving this Stipulation.

9.      Plaintiff agrees to accept payment of $4,414.00 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiff is entitled in this matter through and including the date of this Stipulation.  Plaintiff agrees that receipt of this payment from Defendant shall operate as a release of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this Stipulation.

10.     By this Stipulation, the Defendant does not waive any right to contest fees claimed by Plaintiff, including the hourly rate, in any future litigation or continuation of the present action.

11.     The terms of this Stipulation constitute the entire agreement of the Parties, and no statement, agreement, or understanding, oral or written, which is not contained herein, shall be recognized or enforced.  Except as expressly stated herein, this Stipulation supersedes all prior agreements, negotiations, and discussions between the Parties with respect to the subject matters discussed herein.

12.     This Stipulation may be modified or amended only by order of this Court.

13.     Each of the Parties' undersigned representatives certifies that they are fully authorized to enter into and execute the terms and conditions of this Stipulation, and do hereby agree to the terms herein.

14.     The terms of this Stipulation shall become effective upon entry of an order by the Court ratifying the Stipulation.

15.     This Stipulation has no precedential value and shall not be used as evidence of such in any litigation or in representations before any forum or public setting.

STIPULATED SETTLEMENT AGREEMENT                                                    -5-

16.     Upon approval of this Stipulated Settlement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice.  Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Stipulated Settlement and to resolve any motions to modify such terms.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

Dated:          September 27, 2011.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
SETH M. BARSKY
Section Chief
KRISTEN L. GUSTAFSON
Assistant Section Chief
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section


/s/ Brett Grosko(with permission)           /s/ Miyoko Sakashita
J. BRETT GROSKO                             MIYOKO SAKASHITA
Trial Attorney                              Center for Biological Diversity
United States Department of Justice         351 California St., Suite 600
Environment & Natural Resources Division    San Francisco, CA 94104
Wildlife & Marine Resources Section         Tel: (415) 436-9682
Ben Franklin Station, P.O. Box 7369         Fax: (415) 436-9683
Washington, D.C. 20044-7369                 miyoko@biologicaldiversity.org
Tel. (202) 305-0342/ Fax (202) 305-0275
brett.grosko@usdoj.gov

Attorneys for Federal Defendants            Attorney for Plaintiff

OF COUNSEL:

Cheryl Scannell
Attorney-Advisor
Office of General Counsel
National Oceanic and Atmospheric Administration

STIPULATED SETTLEMENT AGREEMENT                                      -6-

1

## [PROPOSED] ORDER

2

3          The terms and conditions of this Stipulated Settlement Agreement are hereby adopted as

4    an enforceable ORDER of this Court, and this matter is hereby DISMISSED with prejudice.

5    Dated:          This _____8_____th day of ___November___, 2011.

6

7

8

9

10   _____

11                    United States ~~District~~ Judge
                              Magistrate
12

13

14

15

16

17

18                         **CERTIFICATE OF SERVICE**

19   I hereby certify that on September 27, 2011, I caused the foregoing to be served via United

20   States mail to the attorneys of record.

21

22

23

24          _/s/ Miyoko Sakashita_____

25          Miyoko Sakashita

26

27   .

28

[PROPOSED] ORDER &
CERT. OF SERVICE                                                    -1-